37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert LEE, Jr., Plaintiff-Appellant,
v.
Marsha FORESMAN, A.D.W.; John Doe, (B. Watson); John Jabe,
Defendants-Appellees.
 No. 94-1188.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: BROWN, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Robert Lee, Jr., pro se, appeals a district court order granting the defendants' motion for summary judgment in this civil rights case filed pursuant to 42 U.S.C. Sec. 1983. Lee sued the warden and two assistant deputy wardens of the State Prison of Southern Michigan (SPSM) in Jackson, Michigan, in their individual capacities. Lee has filed a motion for the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Lee alleged that, on July 12 and 13, 1992, fellow prisoners who were members of the "Mobites-Moorish American Science Temple" at SPSM attempted to stab Lee. The prison Security Classification Committee (SCC) determined that Lee should be placed in protective segregation based on the July 1992 incidents, but concluded that the only level to which Lee could be transferred was Level V, a security increase from his then current Level IV classification. Defendant Foresman explained to the prisoner that the increased security level was necessary because: 1) Lee was classified as a homosexual predator; 2) the department's policy would not allow predatory homosexuals to be placed at Level III or lower levels; 3) Lee was too old to be placed at the Ionia Reformatory; and 4) because of his homosexual predator label, Lee could not be placed at the Riverside Correctional Facility in the dormitory setting, there.
 
 
 3
 Based on the defendants' act of placing him in the higher security level of protective administrative segregation, Lee filed this Sec. 1983 suit. On appeal, Lee raises the issues of: 1) whether he was subjected to cruel and unusual punishment under the Eighth Amendment; 2) whether his protective segregation and increased classification were achieved in a manner which afforded him adequate due process; and 3) whether the magistrate judge and district court properly applied the correct burdens of proof in granting the defendants' motion for summary judgment. Lee has also filed a motion for the appointment of counsel.
 
 
 4
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). Because Lee has abandoned some of his issues that he first presented to the district court, this court need not address those issues on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1982).
 
 
 5
 The evidence does not support Lee's allegations that the defendants were deliberately indifferent to his needs with respect to his safety at SPSM. Farmer v. Brennan, 62 U.S.L.W. 4446, 4452 (U.S. June 6, 1994); Nelson v. Overberg, 999 F.2d 162, 165 (6th Cir.1993) (quoting Whitley v. Albers, 475 U.S. 312, 318 (1986)). Prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement only if they know that an inmate faces substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. Farmer, 62 U.S.L.W. at 4452. Moreover, it is obduracy and wantonness, and not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause. Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir.1993) (quoting Marsh v. Arn, 937 F.2d 1056, 1060 (6th Cir.1991)).
 
 
 6
 Following prison policy directives, the defendants considered the safety of prison officials, other prisoners and staff, the protection of the general public, effective administrative management, and available bed space in classifying Lee. Lee has not shown that these defendants acted unreasonably in deciding to place Lee in a higher security unit rather than transfer him out of SPSM. Thus, Lee has failed to establish an Eighth Amendment violation. Farmer, 62 U.S.L.W. at 4449; Wilson v. Seiter, 501 U.S. 294, 298-302 (1991).
 
 
 7
 Likewise, the record shows that Lee was provided all the process due him when the defendants held two hearings prior to his placement in administrative segregation for his own protection. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Black v. Parke, 4 F.3d 442, 447-48 (6th Cir.1993). Lastly, Lee has not met his burden of showing that the district court abused its discretion by disallowing further discovery. See Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 138 (6th Cir.1993); Gibson v. Foltz, 963 F.2d 851, 855 (6th Cir.1992).
 
 
 8
 Accordingly, the motion for counsel is denied, and the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.